1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER AARON HOUSE OF HAYWOOD,<br><br>                    Plaintiff,<br><br>        v.<br><br>WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, JOEL SACKS, Director, ELIZABETH SMITH, Deputy Director also known as Liz Smith, JENNIFER MYERS, Internal Auditor, STEVE REINMUTH, Field Services and Public Safety, BRIAN HORNBACK, Deputy,<br><br>                    Defendants. | CASE NO. 23-cv-5919 RJB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on the Defendants' Motion to Dismiss.  Dkt. 15.  The Court has considered the pleadings filed regarding the motion and the remaining record.

On October 11, 2023, the Plaintiff, *pro se,* filed this case against Defendants Washington State Department of Labor and Industries ("Department of Labor") and certain of its officers and employees (collectively "State" or "Defendants") alleging improper treatment of the Plaintiff's

heating, ventilation, and air conditioning ("HVAC") license.  Dkt. 1.  The Plaintiff references various federal criminal statutes, the "Clayton Act," 42 U.S.C. § 1983, 42 U.S.C. § 1985, a "trespass on rights, liberty, and pursuit of happiness," fraud, and theft.  Dkt. 13 at 6.  He seeks $15,000,000 in damages.  *Id.*

The Defendants now move for dismissal of the case without leave to amend.  Dkt. 15. The Plaintiff's response, entitled "Answer to Motion to Dismiss Amended Claim and More Definite Statement in Support of Amended Claim" (Dkt. 16) should be construed as a response to the motion to dismiss, a motion for leave to file a second amended complaint and a proposed second amended complaint.  For the reasons provided below, the Defendants' motion to dismiss (Dkt. 15) should be granted and the Plaintiff's motion for leave to file a second amended complaint (Dkt. 16) should be denied.  This case should be closed.

## I.  FACTS

The Plaintiff's Amended Complaint (Dkt. 13) is difficult to follow as is the Plaintiff's response/motion to amend the Amended Complaint/proposed second amended complaint (Dkt. 16).  Both pleadings provide a lengthy chronology, beginning in 1992, of the Plaintiff's education and work history as a major appliance repairman and HVAC technician.  Dkts. 13 and 16.

By way of background, the Plaintiff contends that after being unable to meet various state HVAC licensing requirements, he moved to Colorado in 2005.  Dkts. 13 at 7 and 16.  He maintains that after returning to Washington, in 2007, the State forced him to pick between being a major appliance repairman or an HVAC technician.  *Id.* at 8.  The Plaintiff alleges that he failed the State's HVAC licensing "fraudulent" test three times, but eventually passed it.  *Id.*

1

2

3

4

5

In December 2022, fifteen years later, the Plaintiff acknowledges that he was "slightly late renewing licenses." Dkt. 13 at 8 and 16. He alleges that he completed all required updated electrical courses in January of 2023 and then attempted to pay his license renewal fees with the State. *Id.* The Plaintiff contends that he was "denied because the online electrical update course center [had] not updated [the State] because [he] did not pay an expedited notification fee." *Id.*

6

7

8

9

10

11

12

13

14

In April or May of 2023, the Plaintiff alleges that he attempted to obtain a permit for a large HVAC job. Dkt. 13 at 9. He maintains that he was informed that his license was suspended and lost the job. *Id.* The Plaintiff contends that when he contacted the State, he was notified that his failure to pay his licensing fee resulted in his license being suspended. *Id.* He asserts that he indicated that he was willing to pay an additional fee but was required to retake the tests. *Id.* He asserts that "once again [he] experiences the test to be a fraud and weapon of punishment" because he only passed two of the four tests. *Id.* The Plaintiff maintains that due to having a suspended license, he has lost work. *Id.* He contends that because of the State's actions, he lost homes, vehicles, and experienced other financial damage. Dkts. 13 at 4-5 and 16.

15

16

17

18

19

20

21

22

The Defendants now move to dismiss the case, pursuant to Fed. R. Civ. P. 12(b)(1)-(2) for lack of jurisdiction and 12(b)(6) for failure to state a claim. Dkt. 15. The Defendants contend that (1) this case is barred by the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37 (1971), (2) that they are immune from suit pursuant to the Eleventh Amendment of the U.S. Constitution, (3) neither the Department of Labor or its employees, sued in their official capacities, are persons for purposes of claims brought pursuant to 42 U.S.C. § 1983 and so those claims should be dismissed, and (4) the Plaintiff failed to comply with Washington's tort claims reporting process under RCW 4.92, *et. seq.* and so the state claims should be dismissed. Dkt. 15.

23

24

1    The Plaintiff opposes the motion.  Dkt. 16.  Incorporated in his responding argument, the

2    Plaintiff adds allegations and appears to submit a proposed second amended complaint.  *Id.*

3    Even considering allegations made in all the Plaintiff's pleadings, the Defendants' motion to

4    dismiss (Dkt. 15) should be granted and, to the extent he makes one, the Plaintiff's motion to

5    amend the Amended Complaint (Dkt. 16) should be denied.

6                                    **II.     DISCUSSION**

7    **A.  STANDARDS ON MOTION TO DISMISS AND ON MOTION TO AMEND**

8            Under Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if, considering the factual

9    allegations in the light most favorable to the plaintiff, the action:  (1) does not arise under the

10   Constitution, laws, or treaties of the United States, or does not fall within one of the other

11   enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

12   controversy within the meaning of the Constitution; or (3) is not one described by any

13   jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

14   *Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. § 1331 (federal question

15   jurisdiction), 28 U.S.C. § 1332 (diversity of citizenship jurisdiction).  A federal court is

16   presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*

17   *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

18   *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

19           Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

20   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

21   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are

22   taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717

23   F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

24

1   does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

2   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

3   elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4   (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief

5   above the speculative level . . . on the assumption that all the allegations in the complaint are true

6   (even if doubtful in fact)." *Id*. Plaintiffs must allege "enough facts to state a claim to relief that

7   is plausible on its face." *Id*. at 556.

8       Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the

9   opposing party's written consent or the court's leave. The court should freely give leave when

10   justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only

11   upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."

12   *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir.

13   2011).

14       Additionally, "a complaint filed by a *pro se* litigant, however inartfully pleaded, must be

15   held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

16   551 U.S. 89, 94 (2007). As such, courts must give *pro se* litigants notice of deficiencies in their

17   complaint and an opportunity to amend unless it is "absolutely clear that the deficiencies of the

18   complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir.

19   2007).

20   **B.  *YOUNGER* ABSTENTION**

21       Absent exceptional circumstances, federal courts should not enjoin pending state

22   proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). Although *Younger* itself involved potential

23   interference with a state criminal case by a federal court, the Supreme Court has extended the

24

1    doctrine to federal cases that would interfere with state civil cases and state administrative

2    proceedings, but "as virtually all cases discussing *Younger* abstention emphasize," abstention is

3    the exception, not the rule. *San Jose Silicon Valley Chamber of Commerce Political Action*

4    *Comm. v. City of San Jose*, 546 F.3d 1087, 1091–92 (9th Cir. 2008).   A federal court should

5    abstain from exercising jurisdiction over a case under *Younger* when: "(1) there is an ongoing

6    state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an

7    adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the

8    requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial

9    proceeding."  *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).   Where all the *Younger*

10   abstention elements are met, a district court must abstain from hearing the case and dismiss the

11   action. *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

12        To the extent the Plaintiff bases his claims on the State's suspension of his license,

13   *Younger* abstention is proper here.  The first element, "ongoing state judicial proceedings," is

14   met.  According to the Amended Complaint, the State suspended the Plaintiff's license for failure

15   to comply with the necessary requirements to retain an active license.  Dkt. 13.  The Amended

16   Complaint does not address whether the Plaintiff has availed himself of the appeals process.

17   Ongoing state administrative proceedings, like the one here, are entitled to the federal court's

18   abstention under *Younger* if the other elements are met.  *Kenneally v. Lungren,* 967 F.2d 329,

19   331 (9th Cir. 1992).

20        As to the *Younger* second element, the importance of the state's interest, courts "look to . .

21   . . the importance of the general proceedings to the State." *New Orleans Pub. Serv., Inc. v.*

22   *Council of City of New Orleans*, 491 U.S. 350, 365 (1989).  The State has an interest in ensuring

23   professionals are qualified for their work to protect the public.  *See Middlesex Cnty. Ethics*

24

1    *Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982).  The State's licensing process for

2    HVAC technicians is directly connected to ensuring that state interest. The second element is

3    met.

4           The third *Younger* element, whether there is an adequate opportunity in the state

5    proceedings to raise constitutional challenges is met.  Under Washington's Administrative

6    Procedures Act ("APA"), administrative decisions may be appealed first within the agency and

7    then to the Washington courts.  *See generally,* RCW 34.05, *et. seq.*  The Plaintiff fails to show

8    that Washington's APA and its judicial review process does not apply.  The ability to raise

9    constitutional claims through state judicial review of the administrative proceedings suffices to

10   meet the requirements of the third *Younger* element.  *Kenneally* at 332.

11          The fourth *Younger* element, that "the requested relief seeks to enjoin or has the practical

12   effect of enjoining the ongoing state judicial proceeding," is also met.  To receive the damages

13   the Plaintiff seeks, he must first show that the decision to suspend his license was in error.  That

14   would have the practical effect of enjoining the ongoing state proceedings.

15          There is no showing of bad faith or harassing prosecution on the part of the state.  The

16   Court should abstain from deciding the Plaintiffs claims related to the suspension of his license

17   under *Younger.*

18          In response to the Defendants' argument that the Court should abstain from deciding this

19   case under *Younger,* the Plaintiff argues that *Younger* does not apply because "*Younger* is a U.S.

20   citizen and subject to its jurisdiction."  Dkt. 16 at 8.  The Plaintiff contends that he "is not a

21   citizen" but "an American State National, Washingtonian outside the STATE OF

22   WASHINGTON, and enjoys diplomatic immunity under the foreign sovereign immunities act,

23   Title 28, USC 1602, *et. seq.*"  *Id.* at 2.  He maintains that he is "outside the jurisdiction of the

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

1    STATE OF WASHINGTON," "secures all commercial rights to himself, or his legal fiction, . . .

2    and all natural rights to himself . . ." *Id.*  The record indicates that the Plaintiff resides in Gig

3    Harbor, Washington and the Plaintiff's Amended Complaint states that he has lived in

4    Washington since at least 2007.  Dkt. 13.

5       The Plaintiff's assertions, that he is not a "citizen," is an "American State National," not

6    subject to the jurisdiction of the state of Washington, that he has diplomatic immunity, and other

7    similar contentions are frivolous, irrational and without merit.  While the Plaintiff does not

8    expressly claim to be a sovereign citizen, his theories are substantially similar.  Claims based on

9    sovereign citizen arguments and ideology are frivolous and courts reject similar contentions

10   without extended argument. *See United States v. Ward*, 182 F.3d 930 (9th Cir. 1999).

11      The Plaintiff's arguments fail to provide a ground to reject the Defendants' argument

12   that, under *Younger,* the Court should abstain from review of the Plaintiff's claims relating to the

13   decision to suspend his license.  The Plaintiff's attempt to amend his Amended Complaint does

14   not change the result-such amendment would be futile.

15   **C.  ELEVENTH AMENDMENT IMMUNITY**

16      Further, even if *Younger* abstention did not apply, the Plaintiff's damages claims

17   (whether based on state or federal law) against the Department of Labor and its employees in

18   their official capacities should be dismissed without leave to amend.

19      "The Eleventh Amendment has been authoritatively construed to deprive federal courts

20   of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture*

21   *v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008).  There is no evidence that Washington, its

22   agencies, or officers have consented to such a suit for damages and are, accordingly, immune

23

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

from suits of this kind brought in federal courts. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007)(*internal quotations omitted*).

The Plaintiff asserts various claims in his Amended Complaint and seeks damages as relief. To the extent the Plaintiff asserts damage claims against the Department of Labor and its employees, in their official capacities, those claims should be dismissed for lack of jurisdiction. Amendment of the Amended Complaint would be futile. These Defendants are entitled to a judgment as a matter of law on this issue.

**D. FEDERAL CLAIMS**

1. <u>Section 1983 Generally</u>

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

2. <u>Section 1983 Claims Asserted Against the Department of Labor or State Employees in their Official Capacities</u>

Even if the damages claims against the Department of Labor and its employees, acting in their official capacities, were not barred by the Eleventh Amendment, the Plaintiff's § 1983 based claims against them should still be dismissed.

States, state agencies, and officials acting in their official capacities are not "persons" and so are not subject to a suit for monetary relief under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)(holding that "neither a State nor its officials acting in their official

1  capacities are 'persons' under § 1983"); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir.

2  2004)(noting that state agencies are not "persons" for purposes of § 1983 and are therefore not

3  amenable to suit under that statute).

4      The Defendants' motion to dismiss all § 1983 claims for damages asserted against the

5  Department of Labor and all individual Defendants in their official capacities, to the extent such

6  claims are made, (Dkt. 15) should be granted because these parties are not "people" for purposes

7  of § 1983.  These Defendants are entitled to a judgment as a matter of law.  The § 1983 claims

8  for damages asserted against the Department of Labor, and the individually named Defendants,

9  in their official capacities, should be dismissed with prejudice.  Amendment of the Amended

10 Complaint would not change the result. Leave to amend should be denied as futile.

11      3.  <u>Section 1983 Claims Asserted Against State Employees in their Individual Capacities</u>

12      To state a civil rights claim, a plaintiff must set forth the specific factual bases upon

13 which he claims each defendant is liable.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

14 1980).  Vague and conclusory allegations of official participation in civil rights violations are not

15 sufficient to support a claim under § 1983.  *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982).

16      The Court is unable to glean from the Amended Complaint (Dkt. 13) or from the

17 additional allegations asserted in the Plaintiff's response/motion for leave to amend the Amended

18 Complaint/proposed second amended complaint (Dkt. 16) how the individual employee

19 Defendants relate to the Plaintiff's claims.  Aside from the captions, neither the Amended

20 Complaint (Dkt. 13) nor the response/motion to amend/proposed second amended complaint

21 (Dkt. 16) name any of the individual Defendants or describe how they participated in a

22 deprivation of the Plaintiff's federal constitutional or statutory rights.

23

24

1    **Federal Constitution**.  The Amended Complaint (Dkt. 13) and response/motion to

2    amend/proposed second amended complaint (Dkt. 16) do not identify any cognizable

3    constitutional right that was violated by the individual defendants acting in their individual

4    capacities.

5    **Federal Statutes**.  Other than the general reference to the "Clayton Act," in the Amended

6    Complaint, the Plaintiff does not refer to any other federal civil statute which could be a source

7    of substantive federal rights in either the Amended Complaint (Dkt. 13) or in the

8    response/motion to amend/proposed second amended complaint (Dkt. 16).  The Plaintiff's

9    Clayton Act claim is addressed below in Section II.D.5.

10    The Plaintiff invokes a series of federal criminal statutes, including, 18 U.S.C. §§ 241,

11    242, 247, 1341, 1661, 1951 and 1993[1].  Dkts. 13 and 16.  To the extent that the Plaintiff attempts

12    to assert claims against the individual Defendants based on criminal statutes, those claims should

13    be dismissed.  Private civil causes of action are rarely implied under criminal statutes.  *Abcarian*

14    *v. Levine,* 972 F.3d 1019, 1026 (9th 2020).  The Plaintiff makes no showing that any of the

15    federal criminal statutes he cites impliedly contain private rights of action.  Further, courts have

16    concluded that there is no basis for civil liability under these criminal statutes.  *Aldabe v. Aldabe*,

17    616 F.2d 1089, 1092 (9th Cir. 1980)(no private right of action or basis of civil liability under 18

18    U.S.C. §§ 241, 242); *Sordean v. United States*, 1995 WL 86548, at *2 (N.D. Cal. Feb. 24,

19    1995)(no private right of action or civil liability under 18 U.S.C. § 247); *Ross v. Orange Cty. Bar*

20    *Ass'n*, 369 Fed. Appx. 868, 869 (9th Cir. 2010)(no private right of action or civil liability under

21    18 U.S.C. § 1341); *Partin v. Gevatoski*, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020)(no

22

23    _____

24    [1] This statute, 42 U.S.C. § 1993, enumerating a series of prohibited acts involving mass transportation, was repealed in 2006.  Pub. L. 109-177, Title I, § 110(a), March 9, 2006, 120 Stat. 205.  It does not conceivably apply.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 11

private right of action under 18 U.S.C. § 1661); *Abcarian* at 1026 (no private right of action under 18 U.S.C. § 1951).

    4.  <u>Section 1985 Claims</u>

    The Plaintiff references 42 U.S.C. 1985 in his Amended Complaint.  Dkt. 13.  The elements of a § 1985 claim are: "(1) the existence of a conspiracy to deprive plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998).  As to the first element, there must be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). Further, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

    The Plaintiff has failed to state a claim pursuant to § 1985.  There are no plausible allegations to support a racial or class-based "invidious discriminatory animus" which is fatal to his claim.  *Sprewell* at 989.  Additionally, the Plaintiff has failed to state a claim pursuant to § 1983.  This also merits dismissal of Plaintiff's § 1985 claim.

    5.  <u>Clayton Act Claim</u>

    The Amended Complaint generally references the "Clayton Act," and summarily contends that the State "is in breach of Anti Trust law."  Dkt. 13 at 3.  In neither the Amended Complaint (Dkt. 13) nor in the response/motion to amend/proposed second amended complaint (Dkt. 16), does the Plaintiff point to any Clayton Act provision that conceivably applies. Further, he fails to allege any facts on which a Clayton Act claim could be based.  A key element of all antitrust suits brought by private parties under the Clayton Act is a "causal antitrust injury."  *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995).  The

Plaintiff does not adequately allege facts which would support a finding that he has suffered a "causal antitrust injury." *Rebel Oil* at 1433. After attempting three times to state a Clayton Act claim and failing to do so, further amendment would be futile. Accordingly, his motion to amend to attempt to replead this claim, to the extent he makes one, (Dkt. 16) should be denied.

### E. STATE CLAIMS AND WASHINGTON'S STATE TORT CLAIM NOTICE STATUTE – RCW 4.92 *et. seq.*

Under RCW 4.92.100(1), "all claims against the state, or against the state's officers, [or] employees . . . acting in such capacity, for damages arising out of tortious conduct, must be presented to the office of risk management." Pursuant to RCW 4.92.110,

> No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, [or] employee . . . acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the office of risk management in the department of enterprise services.

"The filing requirements of RCW 4.92.100 and RCW 4.92.110 are mandatory and operate as a condition precedent to recovery." *Pickard-Aguilar v. Washington State Employment Sec. Dep't*, 2020 WL 8093446, at *2 (W.D. Wash. Dec. 18, 2020), report and recommendation adopted, 2021 WL 124334 (W.D. Wash. Jan. 13, 2021); *Levy v. State*, 91 Wn. App. 934, 942 (1998); *see also Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010)(district court properly dismissed plaintiff's Washington state tort claims in § 1983 action for failure to comply with RCW 4.92.110).

There is no dispute that the Plaintiff has failed to file a claim for damages with Washington's office of risk management. His state law claims should be dismissed without prejudice. The Plaintiff's assertions, that he is not a "citizen" and so RCW 4.92 does not apply to him (Dkt. 16), are without merit. No amendment to his Amended Complaint would cure this defect.

**F. CONCLUSION**

The Defendants' Motion to Dismiss (Dkt. 15) should be granted. To the extent the Plaintiff bases his claims on the suspension of his license, *Younger* abstention applies. Claims related to the suspension of his license should be dismissed without prejudice. Amendment to the Amended Complaint would not change this result and so the motion to amend (Dkt. 16) should be denied as futile.

To the extent that the Plaintiff bases his claims on actions unrelated to the license suspension by the Department of Labor, or its officers or employees, acting in their official capacities, the claims for damages should be dismissed without prejudice based on Eleventh Amendment immunity. Amending the Amended Complaint would not change this result and so the motion to amend (Dkt. 16) should be denied as futile as to the damages claims based on actions unrelated to the license suspension.

To the extent the Plaintiff asserts claims against the Department of Labor or its officers or employees, acting in their official capacities, pursuant to § 1983, those claims should be dismissed with prejudice because these Defendants are not "persons" pursuant to § 1983. Amending the Amended Complaint would not change this result and so the motion to amend (Dkt. 16) should be denied as futile as to Plaintiff's § 1983 damages claims against the Department of Labor and its officers and employees acting in their official capacity.

To the extent that the Plaintiff bases his § 1983 and § 1985 claims on actions unrelated to the license suspension by the individual Defendants, acting in their individual capacities, the Plaintiff's claims should be dismissed. Despite having made three separate attempts to state a federal claim against the Defendants (Dkts. 9, 13 and 16), the Plaintiff has failed to state legally

cognizable claims as required under Fed. R. Civ. P. 12(b)(6).  Further opportunities to amend to the Amended Complaint would be futile and so his motion to amend (Dkt. 16) should be denied.

To the extent that the Plaintiff bases his Clayton Act claim on actions unrelated to the license suspension, his claim should be dismissed.  Moreover, to the extent he moves to amend his Amended Complaint regarding this claim, the motion (Dkt. 16) should be denied.  As stated above the Plaintiff has attempted several times to plead cognizable claims and has failed.  It is clear that further attempts would be futile.

To the extent the Plaintiff asserts state claims against the Defendants, his claims should be dismissed without prejudice for failing to comply with RCW 4.92, the state tort claim notice statute.

### III.   <u>ORDER</u>

It is **ORDERED** that:

- The Defendants' Motion to Dismiss (Dkt. 15) **IS GRANTED** as follows:
  - Based on *Younger* abstention, to the extent the Plaintiff bases his claims on the suspension of his HVAC license, his claims **ARE DISMISSED WITHOUT PREJUDICE**;
  - To the extent that the Plaintiff bases his claims on actions unrelated to the license suspension:
    - Damages claims based on actions by the Department of Labor, or its officers or employees, acting in their official capacities, **ARE DISMISSED WITHOUT PREJUDICE** based on Eleventh Amendment immunity;

- ▪ Plaintiff's § 1983 damages claims against the Department of Labor and its officers and employees, acting in their official capacity, **ARE DISMISSED WITH PREJUDICE**;

- ▪ Plaintiff's § 1983 and § 1985 damages claims against the Department of Labor officers and employees, acting in their individual capacity **ARE DISMISSED WITH PREJUDICE**;

- ▪ Plaintiff's Clayton Act claims **ARE DISMISSED WITH PREJUDICE**;

  - ○ To the extent the Plaintiff asserts state claims against the Defendants, his claims **ARE DISMISSED WITHOUT PREJUDICE** for failing to comply with RCW 4.92, the state tort claim notice statute;

- • To the extent the Plaintiff moves to amend his Amended Complaint, his motion (Dkt. 16) **IS DENIED**; and

- • This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of March, 2024.

ROBERT J. BRYAN
United States District Judge